# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARGARITA RUIZ,

     Plaintiff

v.

CARDENAS MARKETS, LLC,

     Defendant

Case No.: 2:22-cv-02172-APG-NJK

**Order Remanding Case**

Defendant Cardenas Markets, LLC removed this case from state court based on diversity jurisdiction. ECF No. 1.  If removal is sought based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2).

> Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . . This burden is particularly stringent for removing defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.

*Corral v. Select Portfolio Servicing, Inc*., 878 F.3d 770, 773–74 (9th Cir. 2017) (simplified).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Where "it is unclear

1   what amount of damages the plaintiff has sought," as with claims governed by Nevada Rule of

2   Civil Procedure 8(a), "then the defendant bears the burden of actually proving the facts to

3   support jurisdiction, including the jurisdictional amount." *Id.*

4          In *Gaus*, the Ninth Circuit vacated the district court's grant of summary judgment

5   because the federal court lacked subject matter jurisdiction; the Ninth Circuit remanded with

6   instructions to remand the case to the state court. 980 F.2d at 565, 567.  The plaintiff had filed

7   suit in Nevada state court, seeking damages "in excess of $10,000."  Upon removal, the

8   removing defendant alleged that "the matter in current controversy . . . exceeds the sum of

9   $50,000." *Id*. at 565.  The Ninth Circuit found that the removing defendant "offered no facts

10  whatsoever to support the court's exercise of jurisdiction," and held that "[t]his allegation,

11  although attempting to recite some 'magical incantation,' neither overcomes the 'strong

12  presumption' against removal jurisdiction, nor satisfies [the removing defendant]'s burden of

13  setting forth, in the removal petition itself, the underlying facts supporting its assertion that the

14  amount in controversy exceeds $50,000." *Id*. at 567.

15         Cardenas has not offered sufficient facts to support the court's exercise of jurisdiction.

16  Cardenas relies on the plaintiff's request for exemption from arbitration, but that identifies only

17  $28,456.23 in medical bills in a year-and-a-half following the subject incident. ECF No. 1-5.

18  Based on my judicial, legal, and practical experience and common sense, I find it highly unlikely

19  that the amount in controversy exceeds $75,000.

20  / / / /

21  / / / /

22  / / / /

23  / / / /

1       I THEREFORE ORDER that this case is remanded to the state court from which it was

2 removed for all further proceedings.  The clerk of the court is instructed to close this case.

3       DATED this 3rd day of January, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE